653 F.2d 276
 108 L.R.R.M. (BNA) 2504, 92 Lab.Cas. P 13,007
 MIAMI SPRINGS PROPERTIES, INC., and James H. Kinley and
Associates, Joint Employers, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
United Mine Workers of America, Intervenor.
 No. 79-1538.
 United States Court of Appeals,
Sixth Circuit.
 July 8, 1981.
 
 Bert T. Combs, Edwin S. Hopson, Tarrant, Combs & Bullitt, Louisville, Ky., for petitioner.
 Elliott Moore, Deputy Associate Gen. Counsel N. L. R. B., Washington, D. C., Emil C. Farkas, Director, Region 9, N. L. R. B., Cincinnati, Ohio, Jolane Findley, Washington, D. C., for respondent.
 
 
 1
 Before JONES, Circuit Judge, PECK, Senior Circuit Judge, and HORTON, District Judge.*
 
 
 2
 Miami Springs Properties, Inc. petitions this Court to set aside an order of the National Labor Relations Board and the Board has cross-petitioned for enforcement of its order. The Board found that the company violated section 8(a)(1) of the Act by laying off and refusing to reinstate 18 employees after the employees engaged in protected concerted activity by walking off the job. The Board also found that the company violated section 8(a)(3) and (1) of the Act by discharging and refusing to reinstate five employees because of their protected concerted activity. Finally, the Board found the company violated section 8(a)(1) of the Act because it threatened to close down to discourage union support, threatened employees with layoffs, promised employees they would be rehired if they withdrew support for the union, and promised other economic benefits if the employees withdrew their support for the union.
 
 
 3
 Miami Springs contends that there was not substantial evidence to support the Board's order. The Board asserts that the lay-offs were unfair labor practices and were not caused by the company's troubled financial condition. It relies on the fact that the lay-offs were not announced and that they took place immediately after the employees stopped work. The Board also relies on evidence of antiunion comments made by the president of the company, and disputes the company's characterization of its finances at the time of the lay-offs. This evidence is ample to support the Board's order.
 
 
 4
 There is no merit to the company's contention that the administrative law judge was biased against the company. The ALJ made careful assessments of all the facts and testimony and his conclusions are well supported by the record.
 
 
 5
 The petition of Miami Springs Properties, Inc. to set aside the Board's order is dismissed and the order of the National Labor Relations Board is ordered ENFORCED.
 
 
 
 *
 The Honorable Odell Horton, United States District Judge, Western District of Tennessee, sitting by designation